# CIRCUIT COURT OF HANOVER COUNTY

Michele A. Bannon

   v.

John Eric Bannon

November 5, 2014

Case No. CL14000129-00

By Judge J. Overton Harris

Before the Court is Plaintiff's request for evidentiary inferences being granted to Plaintiff under the spoliation of evidence doctrine in advance of the final hearing. The parties were represented by their respective counsel at a hearing taking place on August 15 and October 17, 2014. The Court heard argument and took the matter under advisement. Following a thorough review of the law and the facts, the Court finds as follows.

## I. *Background*

At the hearing, Plaintiff requested the Court make the following inferences at trial:

1. Had the requested electronic devices been produced and not reformatted, the devices would have provided evidence of the Defendant's adultery;

2. Had the requested electronic devices been produced and not reformatted, the devices would have provided evidence of the Defendant's secretion and waste of marital assets.

Defendant opposed the request, claiming that Defendant neither intentionally nor negligently failed to produce any electronic devices or records contained therein.

## II. *Rule of Law*

The textbook definition of spoliation is the intentional destruction of evidence. *Wolfe v. Virginia Birth-Related Neurological Injury Comp. Program*, 40 Va. App. 565, 581 (2003). However, spoliation issues also arise when evidence is lost, altered, or cannot be produced. Steve E. Couch, *Spoliation of Evidence: Is One Man's Trashing Another Man's Treasure*,

62 Tex. B.J. 242, 243, and n. 4 (1999). Spoliation "encompasses [conduct that is either] . . . intentional or negligent." Karen Wells Roby & Pamela W. Carter, *Spoliation: The Case of the Missing Evidence*, 47 La. B.J. 222, 222 (1999).

Virginia law recognizes a spoliation or missing evidence inference, which provides that "[w]here one party has within his control material evidence and does not offer it, there is [an inference] that the evidence, if it had been offered, would have been unfavorable to that party." Charles E. Friend, *The Law of Evidence in Virginia*, § 10-17, at 338 (5th ed. 1999); *see Jacobs v. Jacobs*, 218 Va. 264, 269, 237 S.E.2d 124, 127 (1977) (holding principle is an inference rather than a presumption). "A spoliation inference may be applied in an existing action if, at the time the evidence was lost or destroyed, a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Waters v. TGI Friday's*, 2012 Va. App. LEXIS 129, *17 (2012) (internal citation omitted).

## III. *Analysis*

Plaintiff alleges she is entitled to both of her requested inferences based upon the spoliation of evidence doctrine. Following *Wolfe*, Plaintiff must demonstrate that Defendant had control of material evidence and did not offer it during discovery. The Court finds that relevant and material records kept on digital devices were in the exclusive possession of Defendant and those records have yet to be produced in discovery.

The Court relies on the following evidence from the hearing in support of its conclusion. First, the Court finds Defendant had exclusive control of his own digital devices, leaving Plaintiff with limited access to the requested devices and digital records. Plaintiff testified that Defendant was very secretive with the marital finances during the marriage. The Court heard evidence that, at the time of separation, Defendant removed all documents, binders, and digital devices that contained financial records from the marital home. Plaintiff also testified that Defendant hid records from her that he had acquired in his capacity as executor of his parents' estate. From the time of the separation of the parties to the filing of the complaint for divorce, Defendant had nearly all of the financial records of the marriage within his control.

Second, Defendant has either not offered or concealed some of these digital records that were requested by Plaintiff to do so during discovery. Defendant has not produced an external hard drive, which he had previously used in the marital home on numerous occasions. Additionally, Defendant has not produced an iPhone 4 that he owned during the marriage. Testimony at the hearing indicated that Defendant has altered Quickbooks records in an attempt to conceal his alleged secretion of marital assets and alleged adultery. And finally, Plaintiff's expert witness testified that Defendant had reformatted his computer hard drive, erasing all previous digital contents.

Viewing all the evidence together, the Court is convinced that Defendant had control of material digital records and failed to produce them when requested during discovery. Applying the legal standard from *Wolfe*, a reasonable person in Defendant's position should have foreseen that those devices contained information that was material to a potential civil action at the time these digital devices were lost, reformatted, or not produced. Therefore, the Court concludes that Plaintiff is entitled to the relief sought, because any of those devices or digital sources could contain or could have contained evidence of Defendant's alleged adultery or alleged secretion of marital assets.

## IV. *Conclusion*

For the reasons articulated in this letter opinion, the Court will make the above inferences during the forthcoming final hearing in this matter.